NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued August 7, 2013
Decided August 9, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 12-3886

XUELAI LI,
  *Petitioner,*

    *v.*

ERIC H. HOLDER, JR.,
ATTORNEY GENERAL OF THE UNITED STATES,
  *Respondent.*

Petition for Review of an Order of the Board of Immigration Appeals.

**Order**

Xuelai Li, a citizen of China, applied for asylum (plus withholding of removal and relief under the Convention Against Torture) on the ground that he had been detained and beaten in 2008 and 2009 for criticizing his employer and possessing literature critical of China's government. He contends that he has suffered persecution for opposing China's political system and will be persecuted again should he return.

An immigration judge denied his application, concluding that he is not telling the truth. The IJ observed that his story was internally inconsistent, that none of it was corroborated (even though some parts, such as his employment history, would have been easy to corroborate), and that the conduct described makes no sense. Petitioner maintains that in 2008 he complained about some of his employer's misconduct. This landed him in prison, from which he escaped only by bribery. According to petitioner, he came

to the United States on a business visa. While in the United States he concluded that China's government is corrupt, then returned to China carrying literature critical of the government—literature that he had not read until the plane was in the air. This led to renewed imprisonment, from which he escaped by paying a larger bribe, before returning to the United States on another visa. The IJ thought that petitioner is either crazy or lying, and as he did not appear to be crazy he must be lying.

The IJ gave another reason for disbelieving petitioner: he has *conceded* lying in order to travel to the United States. He obtained visas by claiming to be employed by nonexistent firms, or by claiming nonexistent jobs with real firms. In fact, everything petitioner has said that is subject to documentary verification has been established as false. The Board of Immigration Appeals believes that lying in order to enter the United States implies a propensity to lie in order to remain in the United States, unless the pre-entry lies were necessary to escape from immediate danger. *Matter of Pula*, 19 I&N Dec. 467 (1987), approved by *Alsagladi v. Gonzales*, 450 F.3d 700 (7th Cir. 2006). Since by his own story petitioner was not in danger when he obtained his first visa, the IJ inferred that his latest stories, told as part of an effort to remain, also are bogus. The Board of Immigration Appeals agreed with the IJ and dismissed petitioner's administrative appeal.

Since petitioner engaged in fraud in order to enter the United States, and the agency held this against him, we should have thought that it would be the first subject his petition for review needed to tackle. But instead his appellate brief ignores the subject and proceeds as if the only reason the IJ disbelieved him were the tale's lack of corroboration. A litigant who ignores a principal ground of the adverse decision cannot hope to have a reviewing court upset it. In particular, given the silence in his brief, he does not contend that he needed to defraud the U.S. Consulate in order to escape immediate danger. Petitioner's propensity to tell self-serving lies supplies substantial evidence for the agency's decision. And we conclude that the IJ's other reasons also are supported by substantial evidence.

The petition for review is denied.